UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JESSICA D. LEE,

    Plaintiff,

v.                                  CASE NO. 3:23cv24649-MCR/ZCB

TRISTAR PRODUCTS, INC.,

    Defendant.
_____/

## ORDER

Defendant Tristar Products, Inc. ("Tristar") has filed a Motion for Confidentiality and Protective Order, ECF No. 23. Plaintiff agrees to the relief sought. Having fully reviewed the matter, the Court finds that the motion is due to be granted and approves the proposed Agreed Confidentiality and Protective Order, as modified herein.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may, for good cause, issue a protective order to protect the parties "from annoyance, embarrassment, oppression, or undue burden or expense," including "requiring a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and "requiring that the parties simultaneously file specified documents or information in sealed envelopes" with the court. Fed. R. Civ. P. 26(c)(1)(G), (H). Other privacy protections for personal

information specified in Rule 5.2, or additional information specified by the court for good cause, must be made through redactions or the court may order that a filing be made under seal without redaction. *See* Fed. R. Civ. P. 5.2(d), (e). Because the public retains a right of access to documents filed in a court proceeding, courts will order that a particular document be filed under seal only if authorized by statute or upon a showing of good cause, after balancing the public's right of access against the parties' confidentiality interests. *See generally Romero v. Drummond*, 480 F.3d 1234, 1245–46 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304 (11th Cir. 2001)).[1] A confidentiality agreement between the parties, however, is distinct from the issue of whether a particular document may be filed under seal. The parties' agreement to maintain a document as confidential among themselves is "immaterial" to the public's right of access. *Brown v. Advantage Eng'g, Inc*., 960 F.2d 1013, 1016 (11th Cir. 1992). Once a matter is brought before the courts for resolution, however, it no longer belongs solely to the parties. *See id*.

The Court will approve and enter the proposed Agreed Confidentiality and Protective Order on the condition and understanding that, by entering it, the Court is not making any findings regarding the confidentiality of any particular document or

---

[1] The Eleventh Circuit has indicated that discovery material filed for the purpose of obtaining a ruling on a discovery dispute is not subject to either a constitutional or common law right of access. *See Romero,* 480 F.3d at 1245.

any "good cause" determination under Rule 26 and that no party may file a document under seal without first filing an appropriate motion and submitting the document or material to the Court for in camera review, consistent with N.D. Fla. Loc. R. 5.5.

Accordingly, Defendant Tristar Products, Inc.'s Motion for Confidentiality and Protective Order, ECF No. 23 is **GRANTED**, and the proposed Agreed Confidentiality and Protective Order, is **APPROVED** as modified above.

**DONE AND ORDERED** this 6th day of May 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**